JENNY BURKE, Bar No. 240643
jburke@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
Telephone: 949.705.3000
Fax No.:    949.724.1201

Attorneys for Defendants
MODA OPERANDI, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL BOWENS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MODA OPERANDI, INC., an entity form unknown;  KATHERINE DONNER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM LOS ANGELES COUNTY SUPERIOR COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446 [DIVERSITY JURISDICTION]**<br><br>[LASC Case No. 20STCV17265]<br><br>Complaint Filed: May 6, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF RACHEL BOWENS AND PLAINTIFF'S ATTORNEYS OF RECORD**:

PLEASE   TAKE   NOTICE   that   Defendant   MODA   OPERANDI,   INC. ("Defendant   Moda")   hereby   removes   the   above-entitled   action,   Case No. 20STCV17265, from the Superior Court of the State of California, County of Los

Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332") based upon complete diversity of citizenship.

Defendant makes the following allegations in support of its Notice of Removal:

## JURISDICTION [LOCAL RULE 8-1]

1.     This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States."  As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## VENUE

2.     Plaintiff originally brought this action in the Superior Court of the State of California, County of Los Angeles.  Thus, removal to the Central District of California is proper pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a).

## PLEADINGS, PROCESS AND ORDERS

3.     On May 6, 2020, Plaintiff RACHEL BOWENS filed a Complaint in the Superior Court of the State of California, County of Los Angeles, styled *RACHEL BOWENS, an individual; Plaintiff, vs. MODA OPERANDI, INC., an entity form unknown; KATHERINE DONNER, an individual; and DOES 1 through 100, inclusive, Defendants,* bearing Case No. 20STCV17265 (the "Complaint").   The Complaint asserts the following six causes of action:  (1) Unlawful Harassment; (2) Disability Discrimination; (3) Race Discrimination; (4) Failure to Prevent Discrimination and Harassment; (5) Retaliation in Violation of FEHA; (6) Retaliation in Violation of Labor

Code §98.6. A true and correct copy of the Complaint is attached hereto as **Exhibit "A"** to the Declaration of Jenny Burke (hereinafter, "Burke Declaration").

4. On May 21, 2020, Defendant Moda was served with the Complaint and related service documents including, a copy of the Summons, Civil Case Cover Sheet, Notice of Case Assignment, LASC First Amended General Order, and ADR Information Packet via personal service of their agents for service of process. A true and correct copy of all documents served on Defendant Moda are attached hereto as **Exhibit "B"** to the Burke Declaration.

5. On June 15, 2020, Defendant Moda filed its Answer to the Complaint in the Superior Court of the County of Los Angeles. A true and correct copy of Defendant Moda's Answer is attached hereto as **Exhibit "C"** to the Burke Declaration.

6. According to the Los Angeles Superior Court Register of Actions for the above referenced matter, on May 11, 2020, the Clerk of the Court filed a Notice of Case Management Conference and Order to Show Cause Failure to File Proof of Service. True and correct copies of the Notice of Case Management Conference and Order to Show Cause are attached hereto as **Exhibit "D"** to the Burke Declaration.

7. Pursuant to 28 U.S.C. section 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendant or filed or received in this action by Defendant.

## TIMELINESS OF REMOVAL

8. Plaintiff served the Summons and Complaint via personal service on Defendant's designated agent for service of process on May 21, 2020. Burke Decl. ¶3; Declaration of Samira Shah (hereinafter, "Shah Declaration") ¶2.

9. Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant was served with the Summons and Complaint and within one year after commencement of this action.

**BASIS FOR REMOVAL**

**DIVERSITY JURISDICTION PURSUANT TO SECTION 1332**

10.     Section 1332(a) provides, in relevant part, as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)     citizens of different States[.]

11.     This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

**A.     DIVERSITY OF CITIZENSHIP IS MET**

12.     For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff alleges that she is a resident of the City of Los Angeles, County of Los Angeles, State of California, which is sufficient to establish that she is a California citizen.  (Burke, Decl. ¶2, Ex. "A," Complaint, ¶ 1.)  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [that state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).  Defendant's employment records also confirm that Plaintiff has been domiciled in California since

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

1    2015.  Her last known address is in Los Angeles, California.  (Shah Decl. ¶6.)

2    Accordingly, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

3        13.    Defendant was, at the time of filing this action, and still is, a corporation

4    incorporated under the laws of Delaware.  (Shah Decl. ¶¶4-5.)  Defendant's principal

5    place of business is in New York.  (*Id. at ¶*5.)  Defendant is therefore not a citizen of

6    the State in which this action is pending and is, in fact, a citizen of a different State than

7    that of Plaintiff.

8        14.    For diversity jurisdiction purposes, a corporation is deemed a citizen of its

9    State of incorporation and the State where it has its principal place of business.  28

10   U.S.C §1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v.*

11   *Friend*, 559 U.S. 77, 81; 130 S. Ct. 1181, 1186; (2010), "the phrase 'principal place of

12   business' [in Section 1332(c)(1)] refers to the place where the corporation's high level

13   officers direct, control, and coordinate the corporation's activities.  Lower federal courts

14   have often metaphorically called that place the corporation's 'nerve center.'  (Citations

15   omitted.) We believe that the 'nerve center' will typically be found at a corporation's

16   headquarters."

17       15.    Defendant's corporate headquarters are located in the State of New York.

18   (Shah Decl. ¶ 5.)  Most of Defendant's executive and administrative functions are

19   located in the State of New York.  (*Id.*)  New York is the center of direction,

20   coordination, and control for Defendant's operations.  Thus, Defendant's principal

21   places of business is in the State of New York, and it is therefore a citizen of the States

22   of Delaware and New York for the purpose of determining diversity of citizenship.

23       16.    The Complaint also names as a defendant, "KATHERINE DONNER, an

24   individual." Donner, like Defendant Moda, is a citizen of a different state than Plaintiff.

25   Donner, as of the time of the filing of the Complaint, was (and is) domiciled in the State

26   of Illinois.  (Shah Decl. ¶7.)  Donner has not been served with the Complaint.  (Shah

27   Decl. ¶ 8; Burke Decl. ¶7.)  Even if Plaintiff attempted service on Donner, Defendant

28   contends that a California court would not have jurisdiction over her.  Parties not

1  properly served and un-served parties do not need to be joined to the removal.  See,

2  *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011); *Salverson v. W. States Bankcard*

3  *Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds.

4       17.    The Complaint names as defendants "DOES 1 through 100, Inclusive."

5  Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued

6  under fictitious names must be disregarded for the purpose of determining diversity

7  jurisdiction.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

8       18.    As more fully set forth below, the amount in controversy in the Complaint

9  exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest

10  and costs.

11  **B.**     **THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

12       19.    Defendant only needs to show by a preponderance of the evidence (that it

13  is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional

14  minimum.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

15  Here, the Court can reasonably ascertain from Plaintiff's Complaint and her prayer for

16  relief that the amount in controversy exceeds $75,000.  *See Singer v. State Farm Mutual*

17  *Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider

18  whether it is 'facially apparent' from the complaint that the jurisdictional amount is in

19  controversy.")

20       20.    Plaintiff seeks "lost wages and benefits and other monetary relief,"

21  "compensatory damages," "general and special damages," and "punitive damages" in

22  an amount to be determined at trial, as well as interests and costs and attorneys' fees.

23  (Burke Decl. ¶2, Ex. A, Complaint at p. 15, Prayer for Damages.)  Plaintiff alleges she

24  has "suffered special damages in the form of lost earnings, benefits and/or out of pocket

25  expenses" and "will suffer additional special damages in the form of lost future

26  earnings, benefits and/or other prospective damages."   (Burke Decl. ¶2, Ex. A,

27  Complaint at ¶32; See also, ¶¶40, 47, 54, 62, 72.)   Plaintiff's employment ended on

28  January 14, 2020. (Burke Decl. ¶2, Ex. A, Complaint at ¶6.) Plaintiff alleges that at the

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

1 time of her termination she was **earning more than $127,000 per year** in salary and
2 commissions.  (Burke Decl. ¶2, Ex. A, Complaint at ¶7.)

3        21.    Although Defendant denies Plaintiff is entitled to recover any damages,
4 assuming, *arguendo*, that Plaintiff was awarded her claim for back wages for just one
5 year (which would require a trial date in January 2021, which is highly unlikely), the
6 amount of back pay in controversy in this case ($127,000) would exceed the
7 jurisdictional amount.  In addition, to the extent Plaintiff seeks future damages or front
8 pay as a result of the alleged wrongs by Defendant, such awards in California often span
9 several years.  *See, Smith v. Brown-Forman Distillers Corp*., 196 Cal. App. 3d 503, 518
10 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart
11 Indus*., 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H & R Block, Inc*., 24
12 Cal. App. 3d 695, 705 (1972) (ten years).  Even if Plaintiff were awarded one year of
13 front pay, according to Plaintiff's alleged earnings, the amount of front pay would be
14 $127,000.  Thus, it may reasonably be estimated that Plaintiff's claims involve possible
15 back pay and front pay damages which alone total in excess of $254,000.

16       22.    Plaintiff also seeks emotional distress damages, alleging she has suffered
17 "embarrassment, humiliation, mental and emotional pain and distress and discomfort."
18 (Burke Decl. ¶2, Ex. A, Complaint ¶33; See also, e.g., ¶¶41, 48, 55, 63, 73.)  Emotional
19 distress damages are properly considered when determining the amount in controversy,
20 even when a specific amount is not clearly pled in the Complaint.  *Simmons v. PCR
21 Technology* 209 F.Supp.2d 1029, 1034.  The Court may consider emotional distress
22 damages awards in similar cases.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th
23 Cir. 2005).  Jury awards of hundreds of thousands of dollars (and more) for non-
24 economic damages have been upheld in cases involving allegations of hostile work
25 environment, discrimination, and/or retaliation. *See, e.g., Velez v. Roche*, 335 F. Supp.
26 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases
27 awarding emotional distress damages.)

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

23. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc*., 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award).   Other California courts have upheld large attorneys' fee awards in FEHA cases.   *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. California Public Utilities Comm'n,* 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less).   Attorneys' fees are properly taken into account in determining the amount in controversy.   *Goldberg v. C.P.C. Int'l, Inc.,* 678 F. 2d 1365, 1367 (9th Cir. 1982).   Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

24. Moreover, Plaintiff seeks punitive damages. (Burke Decl. ¶2, Ex. A., Complaint at Prayer for Damages, ¶¶35, 42, 49, 57, 64, 74)   The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law.   *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).   California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294.   *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).   Additionally, employment discrimination cases have the potential for large punitive damages awards.   *Simmons, supra*, 209 F. Supp. 2d at 1033.   In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.   The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

1   alone" exceed the jurisdictional minimum. *Id.* at 334.  Although Defendant vigorously

2   denies Plaintiff's allegations, including her alleged damages, if Plaintiff were to prevail

3   on her punitive damages claim, that claim alone could exceed the jurisdictional

4   minimum.

5       25.    In sum, although Defendant does not concede Plaintiff's claims have any

6   merit, Plaintiff's Complaint makes certain that the amount in controversy for Plaintiff's

7   claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of

8   interest and costs.  Thus, this Court has original jurisdiction over the claims asserted by

9   Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§

10   1332(a)(1) and 1441(a).

11                    **NOTICE TO STATE COURT AND PLAINTIFF**

12       26.    Contemporaneous with the filing of this Notice of Removal in the United

13   States District Court for the Central District of California, written notice of such filing

14   will be given to Plaintiff's counsel, Dominic J. Messiha, Esq., Law Office of Dominic

15   J. Messiha, P.C.  In addition, a copy of this Notice of Removal will be filed with the

16   Clerk of the Superior Court of the State of California for the County of Los Angeles.

17       WHEREFORE, Defendant prays that the Court remove this civil action from the

18   Superior Court of the State of California, County of Los Angeles, to the United States

19   District Court for the Central District of California.

20

21

22   Dated:   June 18, 2020

23

24   _____
     JENNY BURKE
25   LITTLER MENDELSON, P.C.
     Attorneys for Defendants,
26   MODA OPERANDI, INC.

27

28

## **PROOF OF SERVICE**

### **STATE OF NEVADA, COUNTY OF CLARK**

I am employed in the County of Clark, State of Nevada.  I am over the age of 18 and not a party to the within action; my business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, NV 89169.

On June 18, 2020, I served the foregoing document(s) described as

**NOTICE OF REMOVAL OF CIVIL ACTION FROM LOS ANGELES COUNTY SUPERIOR COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446 [DIVERSITY JURISDICTION]**

on the interested parties in this action addressed as follows:

Dominic J. Messiha
Law Office of Dominic J. Messiha, PC
11601 Wilshire Blvd., Suite 500
Los Angeles, California 90025
Dominic@messihalegal.com

☒  BY ELECTRONIC SERVICE: I caused the above-entitled document to be served by U.S.D.C. electronic service via CM/ECF addressed to all parties as described above.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.  Executed on June 18, 2020, at Las Vegas, Nevada.

*/s/ Jacquelin Ierien*
Jacquelin Ierien

4834-8804-9855.2 108046.1001

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000