# EXHIBIT A

# EXHIBIT A

20STCV17265

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Elizabeth Feffer

Electronically FILED by Superior Court of California, County of Los Angeles on 05/06/2020 01:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

1  DOMINIC J. MESSIHA, Bar No. 204544
   LAW OFFICE OF DOMINIC J. MESSIHA, PC
2  11601 Wilshire Blvd, Suite 500
   Los Angeles, CA 90025
3  310.575.1815 (phone)
   310.650.8580 (direct)
4  310.575.1890 (fax)
5  Dominic@messihalegal.com

6  **Attorneys for Plaintiff**
   **RACHEL BOWENS**

7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **COUNTY OF LOS ANGELES**

10 **CENTRAL DIVISION**

11

12 RACHEL BOWENS, an individual;        **CASE NO.:** 20STCV17265

13         Plaintiff,                   **COMPLAINT FOR:**

14     vs.                              1. **Unlawful Harassment;**

15 MODA OPERANDI, INC., an entity form  2. **Disability Discrimination;**
   unknown; KATHERINE DONNER, an
16 individual; and DOES 1 through 100,  3. **Race Discrimination;**
   inclusive,
17         Defendants.                  4. **Failure to Prevent Discrimination and Harassment;**

18                                      5. **Retaliation in Violation of FEHA;**

19                                      6. **Retaliation in Violation of Labor Code § 98.6.**
20

21

22                                      **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

1
COMPLAINT

001

Plaintiff RACHEL BOWENS (hereinafter "Plaintiff") alleges and states as follows:

## THE PARTIES

1. At all times relevant herein, Plaintiff was, and is, an individual residing in the City of Los Angeles, County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendant MODA OPERANDI, INC. ("Moda Operandi" or "Defendant"), was and is a corporation doing business in the State of California, County of Los Angeles where Plaintiff worked.

3. Plaintiff is unaware of the true names and capacities of Defendants named herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege such names and capacities when the same has been ascertained. Plaintiff is informed and believes, and based thereon alleges that each of the fictitiously named Defendants stated herein bears a legal responsibility to Plaintiff similar to that of the named Defendants herein.

4. At all times mentioned herein, Defendants DOES 1 through 100, inclusive, were the agents, servants, and employees of their Co-Defendants, and in doing the things herein alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their Co-Defendants.

## SUMMARY OF ACTION AND COMMON FACTS

5. Plaintiff Rachel Bowens is an African American woman who also happens to suffer from Attention Defecit Hyperactivity Disorder. She was working as a commissioned sales representative at Defendant Moda Operandi and was the most senior Stylist.

6. On January 14, 2020, Moda Operandi terminated Plaintiff's employment without any advance notice, under the pretext of a "financial restructuring." The layoff was, in fact, a subterfuge for Defendant Moda Operandi's unlawful disability and race discrimination and retaliation against Plaintiff. Indeed, the termination was merely the culmination of months of harassing conduct that Plaintiff endured at Moda Operandi, at the hands of its Director of Human Resources, among others.

7. Plaintiff began her employment at Moda Operandi in 2013. At the time of her termination of employment, she was earning more than $127,000 per year in salary and commissions as a Stylist.

8. Throughout her employment with Moda Operandi, Plaintiff's performance was exemplary. Indeed, for 2019, Plaintiff achieved her sales goals for the entire year after just eleven (11) months. Plaintiff had also received regular performance bonuses throughout her employment. In fact, Plaintiff's manager asked her to train other employees to help improve their performance.

9. In mid-2019, Plaintiff was transitioned to an office in Culver City, California, after having regularly worked remotely. This resulted in an extended commute of more than thirteen (13) hours per week. Around the same time, Plaintiff began to notice personal health concerns, and was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"). Her physician prescribed her medication for this condition.

10. As a reasonable accommodation for her disability, Plaintiff requested permission from Moda Operandi to work remotely *just one day per week* – an accommodation that Moda Operandi provided to other Stylists. Moda Operandi's Human Resources Partner, **Katherine Donner, not only denied the requested reasonable accommodation, but invited Plaintiff to resign instead, incredibly stating "you don't have to work here." When Plaintiff expressed her shock at Donner's statement and reiterated her request, Donner asked her point blank: "are you resigning?"**

11. Aware of her legal rights, Plaintiff persisted and obtained a doctor's note formally requiring a medical accommodation of at least three (3) days per week of working remotely. Donner was unfazed. Once again, Donner told Plaintiff she "didn't need to work here." Only after several more weeks did Moda Operandi reluctantly accede to Plaintiff's request.

12. Shortly after being approved to work remotely one day per week, Plaintiff received a department-wide email stating that Moda Operandi was retroactively reducing commissions that Plaintiff and other employees had previously earned. The stated reason was because the Company had failed to correctly process returns.

13.     Plaintiff reasonably and correctly believed that Moda Operandi's action in retroactively charging back commissions due to returns was unlawful. She immediately responded to the Company's communication with a department-wide email on December 12, 2019, in which she expressed concern about the retroactive deduction from wages as well as about potential retaliation by the Company for speaking out.

14.     Shortly afterwards, Moda Operandi was forced to reconsider its illegal plan, but it became even more determined to rid itself of Ms. Bowens, whom it now viewed as a troublemaker.

15.     Plaintiff's employment was terminated on the heels of her accommodation request and just a month after her complaint about Moda Operandi's plan to retroactively deduct earned commissions. On January 13, 2020, Plaintiff and other employees were told to be prepared for a meeting about "planning 2020." This was deliberately misleading, as they were about to be fired.

16.     Despite her top-level sales performance, Plaintiff was targeted for "layoff" without legitimate explanation. Given Moda Operandi's expressly-stated desire to force her resignation, her well-founded complaint concerning the payment of her commissions, and the fact that Plaintiff was the only female African American employee who was terminated, Plaintiff alleges that the reasons for her termination were pretextual.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over this action and the matters alleged herein pursuant to the grant of original jurisdiction set forth in Article VI, Section 10 of the California Constitution. The statutes under which this action are brought do not specify any other basis for jurisdiction.

18.     This Court has jurisdiction over Defendant because, upon information and belief, Defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

19.     Venue is proper in this Court, because, upon information and belief, the named

1  Defendant resides, transacts business or has offices in this county and the acts or omissions
2  alleged herein took place in this county.
3      20.    Plaintiff hereby demands a trial by jury.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Within one year of the last date of discrimination herein alleged by Plaintiff against Defendants and their agents, managers, and/or supervisors, Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH") against Defendants alleging gender discrimination and retaliation, as well as an amended charge. A Right-to-Sue letter was issued.

22. Based on the foregoing, all administrative remedies have been exhausted.

### FIRST CAUSE OF ACTION

### Harassment in Violation of the Fair Employment and Housing Act

### Against All Defendants

23. Plaintiff hereby incorporates by reference paragraphs 1-22 as if fully set forth herein.

24. Defendant is subject to suit under the Fair Employment and Housing Act, Government Code § 12940, et seq., in that Defendant regularly employs five or more persons.

25. Plaintiff is a qualified individual with a disability subject to the protections of the Fair Employment and Housing Act. Under 2 C.C.R. § 11065(d), a "disability" can mean a:

(1) "Mental disability," as defined at Government Code section 12926, includes, but is not limited to, having any mental or psychological disorder or condition that limits a major life activity. "Mental disability" includes, but is not limited to, emotional or mental illness, intellectual or cognitive disability (formerly referred to as "mental retardation"), organic brain syndrome, or specific learning disabilities, autism spectrum disorders, schizophrenia, and chronic or episodic conditions such as clinical depression, bipolar disorder, post-traumatic stress disorder, and obsessive compulsive disorder.

(2) "Physical disability," as defined at Government Code section 12926, includes, but is not limited to, having any anatomical loss, cosmetic disfigurement, physiological disease,

disorder or condition that does both of the following:

(A) affects one or more of the following body systems: neurological; immunological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; circulatory; skin; and endocrine; and

(B) limits a major life activity.

26. Under 2 C.C.R. § 11065(d)(5), an individual is also protected under California law if they are "perceived as" disabled.

27. Here, Plaintiff suffered and continues to suffer from a disability in the form of her ADHD, which affects one or more major life activities including but not limited to working, focus and/or attention span.

28. Furthermore, Plaintiff was also perceived as and/or regarded as disabled by Defendants.

29. During her employment with Defendant Moda Operandi, Plaintiff was harassed due to her disability and/or due to her perceived disability. More specifically, when Plaintiff requested a reasonable accommodation for her disability, namely that she be permitted to telecommute just one day per week due to her ADHD, not only did Defendant refuse the accommodation, its Human Resources representative, Defendant Kathernie Donner, repeatedly admonished Plaintiff and encouraged her to resign.

30. As such, Defendants harassed Plaintiff by engaging in a severe and pervasive scheme to force Plaintiff to resign and/or persuade her not to seek the reasonable accommodation to which she was legally entitled. Defendants created, tolerated and condoned a work environment that was pervasively hostile to Plaintiff on account of her protected disability and/or perceived disability.

31. The conduct of the Defendants as alleged in this Complaint was sufficiently pervasive to alter the terms and conditions of employment and the work environment such that it created a hostile environment.

32. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits and/or other prospective damages in an amount according to proof at the time of trial.

33. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional pain and distress and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

34. By reason of the conduct of Defendants herein, Plaintiff has retained attorneys to prosecute her claims under the FEHA. Plaintiff is therefore entitled to recover reasonable attorneys' fees and costs pursuant to Govt. Code § 12965(b), in addition to other damages as provided by law and as alleged herein.

35. Defendants, and each of them, committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights, in that Defendants, and each of them, refused to allow Plaintiff to engage in constitutionally protected speech despite the fact that they knew that Plaintiff was able to perform the essential functions of her position. Thus, Plaintiff is entitled to recover punitive damages from Defendants.

## SECOND CAUSE OF ACTION

**Disability Discrimination in Violation of the Fair Employment and Housing Act**

**Against MODA OPERANDI and DOES 1-100**

36. Plaintiff hereby incorporates by reference paragraphs 1-35 as if fully set forth herein.

37. Defendant is subject to suit under the Fair Employment and Housing Act, Government Code § 12940, et seq., in that Defendant regularly employs five or more persons.

38. California Government Code sections 12940 and 12940(a) state, in pertinent part, that: "[i]t is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (a) For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

39. Defendants discriminated against Plaintiff in the terms, conditions or privileges of her employment on the basis of her disability, in violation of Government Code § 12940. Such discrimination was not excused by any bona fide occupational qualification. Such discrimination took the form of failing and refusing reasonable accommodation(s) medically necessary to Plaintiff, and ultimately terminating her employment.

40. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer economic detriment and monetary damages, including, but not limited to, loss of wages, salary, bonuses, and benefits, including prejudgment interest in an amount to be determined at trial.

41. Plaintiff is informed and believes, and based thereon alleges, that as a further direct and proximate result of the acts alleged herein, Plaintiff has suffered and continue to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and physical distress, pain and suffering, and has been generally damaged in an amount to be determined at trial.

42. Plaintiff is informed and believes, and based thereon alleges, that Defendant willfully engaged in the conduct alleged herein with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Plaintiff for an improper and evil

1 motive which constitutes a malicious and conscious disregard of Plaintiff's rights. By reason
2 thereof, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants
3 sufficient to punish and deter Defendants from engaging in such conduct in the future in an
4 amount to be determined at trial.

## THIRD CAUSE OF ACTION

**Race Discrimination in Violation of the Fair Employment and Housing Act**

**Against MODA OPERANDI and DOES 1-100**

8  43. Plaintiff hereby incorporates by reference paragraphs 1-42 as if fully set forth
9 herein.
10  44. Defendant is subject to suit under the Fair Employment and Housing Act,
11 Government Code § 12940, et seq., in that Defendant regularly employs five or more persons.
12  45. California Government Code sections 12940 and 12940(a) state, in pertinent part,
13 that: "[i]t is an unlawful employment practice, unless based upon a bona fide occupational
14 qualification, or, except where based upon applicable security regulations established by the
15 United States or the State of California: (a) For an employer, because of the race, religious creed,
16 color, national origin, ancestry, physical disability, mental disability, medical condition, genetic
17 information, marital status, sex, gender, gender identity, gender expression, age, sexual
18 orientation, or military and veteran status of any person, to refuse to hire or employ the person or
19 to refuse to select the person for a training program leading to employment, or to bar or to
20 discharge the person from employment or from a training program leading to employment, or to
21 discriminate against the person in compensation or in terms, conditions, or privileges of
22 employment."
23  46. Defendants discriminated against Plaintiff in the terms, conditions or privileges of
24 her employment on the basis of her race, in violation of Government Code § 12940. Such
25 discrimination was not excused by any bona fide occupational qualification. Such discrimination
26 was manifested by Defendants' termination of Plaintiff's employment, at least in part due to her
27 race. Plaintiff was the only African American employee terminated as part of Defendant's
28 "layoff".

47. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer economic detriment and monetary damages, including, but not limited to, loss of wages, salary, bonuses, and benefits, including prejudgment interest in an amount to be determined at trial.

48. Plaintiff is informed and believes, and based thereon alleges, that as a further direct and proximate result of the acts alleged herein, Plaintiff has suffered and continue to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and physical distress, pain and suffering, and has been generally damaged in an amount to be determined at trial.

49. Plaintiff is informed and believes, and based thereon alleges, that Defendant willfully engaged in the conduct alleged herein with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants sufficient to punish and deter Defendants from engaging in such conduct in the future in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### Failure To Prevent Discrimination And Harassment

### Against MODA OPERANDI and DOES 1-100

50. Plaintiff hereby references and incorporates the allegations of paragraphs 1-49 above as if fully set forth herein.

51. Defendant is subject to suit under the Fair Employment and Housing Act, Government Code § 12940, et seq., in that Defendant regularly employs five or more persons.

52. Under California law, it is unlawful for " [f[or an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Gov't Code § 12940(k).

53. Defendant Moda Operandi failed to take all reasonable steps necessary to prevent

discrimination and harassment from creating an environment that was hostile and intolerable. Moreover, Defendants ultimately terminated Plaintiff's employment due to her request for accommodation, her complaints about Defendant's unlawful wage practices and her race.

54. As a proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits and/or other prospective damages in an amount according to proof at the time of trial.

55. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional pain and distress and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

56. By reason of the conduct of Defendants herein, Plaintiff has retained attorneys to prosecute her claims under the FEHA. Plaintiff is therefore entitled to recover reasonable attorneys' fees and costs pursuant to Govt. Code § 12965(b), in addition to other damages as provided by law and as alleged herein.

57. Defendants, and each of them, committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages from Defendants.

### FIFTH CAUSE OF ACTION

**Retaliation In Violation of Fair Employment and Housing Act**

**Against MODA OPERANDI and DOES 1-100**

58. Plaintiff refers to and incorporates herein by reference paragraphs 1 through 57 as though fully set forth herein.

59. Defendant is subject to suit under the Fair Employment and Housing Act, Government Code § 12940, et seq., in that Defendant regularly employs five or more persons.

60. The Fair Employment and Housing Act (the "FEHA") makes it unlawful for any employer to discriminate against any person because the person has opposed any practices forbidden under the FEHA.

61. Plaintiff complained to Defendant Moda Operandi about its failure to provide her with a reasonable accommodation for her disability. Defendant was ultimately forced to grant Plaintiff the reasonable accommodation she requested but then retaliated against her by terminating her employment, at least in part, due to her accommodation request and complaint regarding same.

62. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of the acts alleged herein; Plaintiff has suffered and continues to suffer economic detriment and monetary damages, including, but not limited to, loss of wages, salary, bonuses, and benefits, including, but not limited to, retirement savings, life, and medical/health insurance, and prejudgment interest in an amount to be determined at trial.

63. Plaintiff is informed and believes, and based thereon alleges, that as a further direct and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and physical distress, pain and suffering, and has been generally damaged in an amount to be determined at trial.

64. Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully engaged in the conduct alleged herein with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants sufficient to punish and deter Defendants from engaging in such conduct in the future in an amount to be determined at trial.

65. As a result of Defendants' conduct, Plaintiff has been harmed in an amount to be determined at trial.

66. Defendants' unlawful retaliation was a substantial factor in causing Plaintiff's harm.

67. As a direct result of the conduct of Defendants as set forth above, Plaintiff was forced to incur substantial attorney's fees and costs which are recoverable under California Government Code § 12965(b).

### SIXTH CAUSE OF ACTION

**Retaliation In Violation of Labor Code § 98.6**

**Against MODA OPERANDI and DOES 1-100**

68. Plaintiff refers to and incorporates herein by reference paragraphs 1 through 67 as though fully set forth herein.

69. California Labor Code section 98.6 protects employees who complain about wage and hour violations from employer retaliation. Per Labor Code section 98.6(a), "A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her."

70. Here, Plaintiff complained directly via department-wide email to Defendants regarding their unlawful plan to recoup commissions already paid to Plaintiff and other employees.

71. In response, Defendant retaliated against Plaintiff terminating her employment shortly after her complaint, but not before changing course on its planned retroactive deduction of wages.

72. Plaintiff alleges, that as a direct and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer economic detriment and monetary damages, including, but not limited to, loss of wages, salary, bonuses, and benefits, including, but not limited to, retirement savings, life, and medical/health insurance, and prejudgment interest in an amount to be determined at trial.

73. Plaintiff is informed and believes, and based thereon alleges, that as a further direct and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and physical distress, pain and suffering, and has been generally damaged in an amount to be determined at trial.

74. Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully engaged in the conduct alleged herein with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Plaintiff for an improper motive which constitutes a malicious and conscious disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants sufficient to punish and deter Defendants from engaging in such conduct in the future in an amount to be determined at trial.

75. As a direct result of the conduct of Defendants as set forth above, Plaintiff was forced to incur substantial attorney's fees and costs which are recoverable under the Labor Code.

76. In addition to the remedies above, Defendants are also each subject to a statutory penalty in the amount of at least $10,000 for each instance of retaliation against Plaintiff per Labor Code section 98.6.

14
COMPLAINT

014

## **PRAYER FOR DAMAGES**

WHEREFORE, Plaintiff prays for judgment against Defendants, and DOES 1 through 100, inclusive, and each of them, jointly and severally, as follows:

1. For lost wages and benefits and other monetary relief in an amount to be determined at trial;
2. For compensatory damages in an amount to be determined at trial;
3. For general and special damages in an amount to be determined at trial;
4. For punitive damages in an amount to be determined at trial; and
5. For interest and costs; and
6. For attorneys' fees.
7. For such other and further relief as this Court may deem just, fair, and proper.

DATED: May 6, 2020

Respectfully Submitted,
LAW OFFICE OF DOMINIC J. MESSIHA, PC

_____
Dominic J. Messiha
Attorneys for Plaintiff
RACHEL BOWENS

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: May 6, 2020

Respectfully Submitted,
LAW OFFICE OF DOMINIC J. MESSIHA, PC

_____
Dominic J. Messiha
Attorneys for Plaintiff
RACHEL BOWENS